IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DEMETRIO JUAN-SEBASTIAN,<br><br>　　　　　　Defendant. | Case No. 3:04-cr-0028-JKS<br><br><br>O R D E R |

　　　Demetrio Juan-Sebastian pled guilty to Unlawful Reentry after Deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On July 1, 2004, the Court imposed a sentence of 39 months, and three years of supervised release. Mr. Juan-Sebastian appealed his sentence, and the Ninth Circuit remanded, in conformity with *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). The Court has asked the parties to comment, and they have done so.

　　　The Government argues that the sentence imposed in 2004 would have been the same even if the United States Sentencing Guidelines ("Guidelines") had been advisory, rather than mandatory, at the time of sentencing. Docket No. 26. The Defendant asks the Court to exercise its discretion and reduce his sentence from the 39 months imposed. Docket No. 25. Juan-Sebastian states that because he is not a citizen, he will not be permitted to participate in Bureau of Prison rehabilitative programs or to finish his term of imprisonment in a halfway house. *Id.* at 11. He claims that his lack of U.S. citizenship will effectively render him a longer sentence than the one imposed. *Id.*

　　　The pre-sentence report placed Defendant in a criminal history category of two, and computed Defendant's total adjusted offense at level 21. Sixteen of those levels resulted from a

previous aggravated felony conviction. PSR ¶ 24.  Under the Guidelines, Defendant was vulnerable to a 41–51 month sentence.  The Court reduced the low end by two months to account for time served on a state court charge.  At sentencing, the Court considered the holdings in *Blakely v. Washington*, 524 U.S. 296 (2004) and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See* Docket No. 26, pp. 22-27.  Although the Probation Office recommended the maximum 51-month sentence, the Court imposed the lesser 39-month sentence.

After careful consideration and review of the record in this case, the Court is convinced that the sentence imposed in this case would have been the same if the Guidelines had been advisory rather than mandatory. The sentence stands, subject to appellate review under the *United States v. Booker*, 125 S. Ct. 738 (2005), reasonableness standard.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 11th day of May 2006.

/s/ James K. Singleton, JR.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2004\A04-0028.002.wpd